Nelson Eduardo CAMPOS–MENA, Petitioner,

v.

IMMIGRATION AND NATURALIZATION SERVICE, Respondent.

No. 00–71193.

INS No. A71–949–093.

United States Court of Appeals, Ninth Circuit.

Submitted June 11, 2001.*

Decided June 25, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before O'SCANNLAIN, SILVERMAN, and GOULD, Circuit Judges.

MEMORANDUM **

Nelson Eduardo Campos–Mena, a native and citizen of El Salvador, petitions for review of the Board of Immigration Appeals' ("BIA") decision dismissing his appeal from an immigration judge's denial of his application for asylum and withholding of deportation under 8 U.S.C. §§ 1158(a) and 1253(h). We have jurisdiction under 8 U.S.C. § 1105a(a).[1] We deny the petition.

■ We review factual determinations, including whether a petitioner is eligible for asylum, under the substantial evidence standard. *Acewicz v. INS*, 984 F.2d 1056, 1061 (9th Cir.1993). We must uphold the BIA's decision unless the evidence compels a contrary result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

■ Because the record does not compel the conclusion that Campos–Mena was persecuted or has a well-founded fear of persecution on account of actual or imputed political opinion, the BIA's conclusion that he did not establish eligibility for asylum is supported by substantial evidence. *See id.* at 482–83 (holding that guerrillas' forced recruitment is not persecution on account of political opinion unless the guerrillas acted "because of" the applicant's political opinion).

■ It follows that Campos–Mena failed to satisfy the more stringent standard required to establish eligibility for withholding of deportation. *See Ghaly v. INS*, 58 F.3d 1425, 1429 (9th Cir.1995).

PETITION FOR REVIEW DENIED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.

1. The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 ("IIRIRA") repealed 8 U.S.C. § 1105a and replaced it with a new judicial review provision codified at 8 U.S.C. § 1252. *See* IIRIRA § 306(c)(1), Pub. L. No. 104–208, 110 Stat. 3009 (Sept. 30, 1996), *as amended by* Act of Oct. 11, 1996, Pub. L. No. 104–302, 110 Stat. 3656. However, because the new review provision does not apply to petitioners whose deportation proceedings commenced before April 1, 1997, this court continues to have jurisdiction pursuant to 8 U.S.C. § 1105a. *See* IIRIRA § 309(c)(1).